Filed 3/6/26  P. v. Steele CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | E085262 |
| Plaintiff and Respondent, | (Super.Ct.No. FSB029421) |
| v. | ORDER DENYING PETITION FOR REHEARING AND |
| TEJAY ANTHONY STEELE, | MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

_____

THE COURT

The petition for rehearing is denied.

On our own motion, the Court ORDERS the opinion filed March 4, 2026, modified as follows:

In the last paragraph on page 2, insert a short cite for the *Faustinos* case so that it states:  (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695-696 (*Faustinos*).

Immediately after the last paragraph on page 2, add the following paragraph:

Steele also argues that *Faustinos* is distinguishable and that we should follow *People v. Olea* (2025) 115 Cal.App.5th 889 and *People v. Craig* (2026) 117 Cal.App.5th 1165, both of which distinguished *Faustinos*.  (*Olea*, at p. 901; *Craig*, at pp. 1173-1174.)  We disagree and conclude that *Faustinos* is directly on point and that *Olea* and *Craig* are distinguishable.  Unlike the trial courts in *Olea* and *Craig*, the court here did not receive opposition from the People or conduct a contested hearing.  (See *Olea*, at pp. 895-896; *Craig*, at p. 1169.)  It merely read Steele's unauthorized filing and declined to take

1

action.  As *Faustinos* explains, because Steele "is not entitled . . . to receive a ruling" on such a petition, the court's statement "that the court is not acting" on the petition "does not affect the defendant's substantial rights."  (*Faustinos*, *supra*, 109 Cal.App.5th at p.  696.)

The modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.

CODRINGTON
J.

2

Filed 3/4/26  P. v. Steele CA4/2 (unmodified opinion)

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

　　　　Plaintiff and Respondent,

v.

TEJAY ANTHONY STEELE,

　　　　Defendant and Appellant.

E085262

(Super.Ct.No. FSB029421)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ronald M. Christianson, Judge.  Dismissed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, Christopher P. Beesley, and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2001, a jury convicted defendant Teejay Anthony Steele of one count of forcible rape. (*People v. Steele* (Dec. 27, 2022, E077444) [nonpub. opn.] (*Steele III*); Pen. Code, § 261, subd. (a)(2); undesignated statutory references are to this code.) Steele was 20 when he committed the offense. (*Steele III*, E077444.) Steele admitted that he had four prior convictions that qualified as prior serious felony convictions for purposes of subdivision (a) of section 667 as well as the one strike law (§ 667.61), the three strikes law (§§ 667, subds. (b)-(i), 1170.12), and the habitual sex offender law (§667.71). (*People v. Steele* (Feb. 27, 2003, E030974 [nonpub. opn.] (*Steele I*).) The trial court sentenced him to 80 years to life.

Steele appealed, and we affirmed the conviction. We remanded for resentencing because the trial court had imposed an unauthorized sentence. (*Steele I*, *supra*, E030974.) On remand, the court sentenced Steele to 95 years to life. He appealed, and we affirmed. (*People v. Steele* (Nov. 29, 2004, E034721) [nonpub. opn.].)

In October 2024, Steele filed an invitation for the trial court to resentence him under section 1172.1, subdivision (a)(1). The court read and considered the invitation and declined to take action on it. (§ 1172.1, subd. (c).) Steele appealed. This court recently held that an order denying a defendant's petition for resentencing under section 1172.1 is not appealable. (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 695-696.)

2

We decline Steele's invitation to depart from that holding.[1]  The appeal is dismissed for

lack of jurisdiction.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

MILLER

Acting P. J.

CODRINGTON

J.

---

[1]     We deny Steele's request to take judicial notice of materials related to another defendant's appeal and grant of parole, because the materials are irrelevant and unnecessary to our resolution of this appeal.  (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)  Steele also filed a petition for writ of mandate. (*Steele v. Superior Court*, E086461.)  We summarily deny that petition by separate order.

3